UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>           Plaintiff,<br><br>    v.<br><br>IBRAHIM ABDUL-ALIM BIN HAJJ YAHYA ABDUL-MALIK,<br><br>           Defendant. | Case No. 25-mj-70295-MAG-1  (SVK)<br><br>**ORDER FOR DETENTION** |

    Defendant Abdul-Malik appeared for a detention hearing on March 24, 2025, having previously appeared on March 5, 2025 on charges of violating 18 U.S.C. Section 1591(a)(1) – Sex Trafficking of Children arising out of the District of Massachusetts. AFPD Dejan Gantar appeared on Defendant's behalf; AUSA Marissa Harris and Pretrial Services Officer Arellano also appeared. The Government moved for detention as a danger to the community and a risk of flight. Pretrial Services, having conducted a pre-bail report, also recommended detention as a danger to the community.

    The Court adopts the facts set forth in the Pretrial Services Report. Dkt. 5. Having considered the pre-bail report and the presentation of counsel at the hearing, the Court finds that the Government has carried its burden of demonstrating by clear and convincing evidence that the Defendant presents a danger to the community and that there are not sufficient release conditions to mitigate this danger. In recent years Defendant has three felony convictions, at least two of which occurred while Defendant was on probation. Defendant has been arrested twice in the last ten years on human trafficking related charges, one of which resulted in a felony conviction to a lesser charge. Further, as reflected in the indictment in support of the pending charges, the alleged human trafficking alleged in this case took place in 2024 and early 2025 during which time, at

least in part, Defendant was in Boston, Massachusetts.  Further, the electronic evidence cited in the indictment provides substantial weight of evidence of the alleged crime.  All of these factors indicate that Defendant will continue to present a danger to the community in continuing to engage in activity related to human trafficking if released.

The Court further finds that the Government has demonstrated by a preponderance of the evidence that Defendant poses a risk of flight.  Defendant has essentially no verifiable employment history, other than providing home care for his elderly, retired mother over the past year, a position for which he has had no formal training or prior experience.  Although he has other family in the area, including at least a sister in Alameda, those ties did not keep him from travelling to Massachusetts and participating in the alleged conduct.  Further, his travel to Massachusetts indicates access to assets, despite his lack of verifiable employment.  These factors, along with Defendant's history of probation violations, raise serious concerns that Defendant will fail to appear for further proceedings in the District of Massachusetts.

The defense proffered Defendant's mother and sister as sureties and custodians, along with location monitoring, to mitigatr risk of flight and any danger to the community.  The Court does not find that these conditions would be sufficient.  As noted above, Defendant has committed felonies while on supervised release, thereby demonstrating he is not amenable to supervision of any kind. Further, Defendant's sister does not live in the same city as Defendant.  His mother is elderly and retired.  Defendant's history does not support that either of these individuals would be able to prevent Defendant from either fleeing or from engaging in the alleged illegal behavior – behavior which he is alleged to have been engaged in over the past several months while living with and caring for his mother.  In sum, there simply are not sufficient conditions to ensure Defendant does not flee or pose a danger to the community.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United State or on the request of an attorney for the Government, the person in

charge of the corrections facility must deliver the Defendant to the United States Marshal for the purpose of appearance in connect with a court proceeding.

**SO ORDERED.**

Dated: March 24, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge